IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:20-CR-26-JDK |
| vs. | § § § | |
| | § | |
| MATTHEW ALEXANDER McDONALD (1) | § § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On January 20, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offense of Failure to Register as a Sex Offender, a Class C felony, Defendant Matthew Alexander McDonald was sentenced on July 24, 2017 by Chief United States District Judge G. Murray Snow. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Defendant was sentenced to 30 months of imprisonment, followed by a 10-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include sex offender aftercare, periodic polygraph examinations, prohibited from contact with children known to be under the age of 18, reside in a residence approved, in advance, by the probation officer, with any changes in residence to be pre-approved in writing by the probation officer, sex offender registration, submit to search and a $100 special assessment.

1

Defendant completed his term of imprisonment and started her term of supervised release on September 10, 2019.  Defendant's conditions of release were modified on October 30, 2019 to include a restriction on possessing or viewing any sexually explicit material and expanding the conditions in place for sex offender aftercare and the prohibition on contact with minors. Jurisdiction of Defendant's supervision was transferred from the District of Arizona to the Eastern District of Texas on May 13, 2020 and the case was assigned to United States District Judge Jeremy D. Kernodle.  The conditions were modified again on December 7, 2021 to include placement in a residential reentry center for 180 days.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on January 13, 2022, United States Probation Officer Alan Elmore alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1):  The defendant must not commit another federal, state or local crime.**  It is alleged that Defendant was arrested by the Smith County Sheriff's Office on January 1, 2022 and charged with Driving While Intoxicated.  Defendant was released the same day after posting a $500 bond.

2. **Allegation 2 (mandatory condition 5):  The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.**  It is alleged that Defendant failed to notify the local sex offender registration agency in July 2021 of his change in employment status, as reported by the Smith County Sheriff's Office on July 28, 2021.

3. **Allegation 3 (mandatory condition 6):  The defendant must participate in an approved program for domestic violence.**  It is alleged that Defendant was unsuccessfully dismissed from the Men's Non-Violence Batterer's Intervention Program (BIPP) on June 24, 2020 due to excessive unexcused absences, as reported by the treatment provider at the East Texas Crisis Center in Tyler, Texas.  It is noted that Defendant re-enrolled in the program and completed it in March 2021.

4. **Allegation 4 (standard condition 4):  The defendant must answer truthfully the questions asked by the probation officer.**  It is alleged that Defendant was untruthful with the probation officer on May 29, 2020 regarding his employment status.

Defendant reported his employment had ended a few days prior to the May 29, 2020 meeting when in fact his employment ended in April 2020. It is also alleged that Defendant was untruthful with the probation officer on July 26, 2021 regarding his compliance with supervision conditions and sex offender registration. Defendant reported that he updated his employment status for sex offender registration purposes but according to the Smith County Sheriff's Office he did not update his registration as required.

5. **Allegation 5 (standard condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses him from doing so. If he does not have full-time employment he must try to find full-time employment unless the probation officer excuses him from doing so. If the defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), he must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant admitted on May 29, 2020 that he failed to work at the employment listed on his monthly supervision report from mid-April 2020 through late-May 2020. Defendant fabricated check stubs to cover up the violation. It is also alleged that Defendant admitted on July 26, 2021 that he failed to notify the probation officer of his change in employment status when he began working part-time at the Best Western Hotel in Chandler, Texas. This employment was earlier in July 2021 and lasted approximately one week.

6. **Allegation 6 (standard condition 12): If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and he must comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.** It is alleged that Defendant requested permission to work for the Best Western Hotel in Chandler, Texas in June 2021. Defendant agreed to allow the probation officer to complete a third-party disclosure with the employer prior to beginning the employment, so the employer would be aware of his instant offense and criminal history. However, Defendant did not provide the employer's contact information to the probation officer and began working at the hotel in mid-July 2021. On July 26, 2021 Defendant admitted to the probation officer that he worked at the hotel for approximately one week. Defendant's employment ended when the hotel owner learned of his sex offender status.

7. **Allegation 7 (special condition 4): The defendant shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved in writing by the probation officer.** It is alleged that Defendant changed his residence on or around June 16, 2020 without requesting or receiving advance permission from the probation officer.

8.  **Allegation 8 (special condition): The defendant must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined under 18 U.S.C. § 2256(2)(A). This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging or computer programs. The defendant must not patronize any place where such material or entertainment is available. The defendant must not use any sex-related telephone numbers. The defendant must provide the probation officer with access to any requested financial information to determine if he has purchased, viewed, or possessed sexually explicit material.** It is alleged that during a routine home visit on November 6, 2021, Defendant's phone was found to contain one video and one photo that were sexually explicit in nature. The video was dated May 23, 2021 and the photo was dated November 1, 2021. The material consisted of nude images of Defendant performing sexually explicit acts. Defendant admitted to recording the video and taking the photo.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

original criminal history category was V.  The guidelines provide that Defendant's guideline range for a Grade C violation is 7 to 13 months.

### *Hearing*

On January 20, 2022, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request a sentence of 10 months of imprisonment followed by 5 years of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition.  Defendant requested a recommendation for designation at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 10 months of imprisonment followed by 5 years of supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 10 months of imprisonment followed by 5 years of supervised release.  Any criminal monetary penalties previously ordered in the final

judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 10 months of imprisonment followed by 5 years of supervised release.

So ORDERED and SIGNED this 20th day of January, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE